## Davis v. Williams.

(Decided June 11, 1912.)

### Appeal from Breathitt Circuit Court.

1. Liens.—When in the division of the lands of an ancestor the heirs make deeds to one another for the share of each, no lien is created on the land of one of them by a recital in the deed to another that he pays him $75.00.

2. Deeds.—The recital in a deed that some one of the grantors pay the grantee certain sums imports a present payment and is not a promise in writing to pay; the deed showing it was made in consideration of said sums.

McGUIRE & McGUIRE for appellant.

CHESTER A. BACH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Stephen Williams died a resident of Breathitt County about the year 1895 the owner of considerable real estate which his children divided among themselves by private agreement, executing deeds to each other for their respective shares, December 8, 1896. G. V. Williams, one

of the children, brought this suit on April 29, 1910, against his sister, Amelia Belle Davis, alleging that in the division she was to pay him $75 to make his share equal to hers; that by the deed she agreed to pay this and that a lien was retained therein on the land conveyed her for the payment of the money. She filed an answer denying the allegations of the petition and pleading in a second paragraph the five years' statute of limitation. The plaintiff demurred to the second paragraph of the answer, the court in effect sustained the demurrer by striking out this paragraph and, the case being submitted, entered judgment for the plaintiff. The defendant appeals.

The deed sued on is the deed which the other children executed to the plaintiff, G. V. Williams. By this deed a certain boundary of land was conveyed to him. Nothing was conveyed by it to Mrs. Davis. It creates no lien on her land. The deed to her is not filed and is not sued on. There is nothing in the record to show what land was conveyed to her or that any lien was retained upon it. The court, therefore, erred in adjudging a lien on her land.

The deed filed with the petition to show a liability on the part of Mrs. Davis for the $75 after setting out the division of the land between the children and heirs at law continues in these words: "And the boundary of land hereinafter described having been allotted to the said parties of the second part (G. V. Williams), to make the part allotted to them respectively equal to his, Belle Davis pays $75, Hay Miller $27, L. D. Williams $10 to G. V. Williams. Now for and in consideration of said sums and conveyance by him to each of said parties," etc. (Here follows granting clause.) These words evidence not a promise to pay the sums named but a present payment of the money. The language is that Belle Davis pays $75, etc., and in consideration of said sums, etc., the first parties convey. The deed contains no words from which it may be concluded that Mrs. Davis agreed to pay money in the future. It, therefore, contains nothing to stop the running of the statute of limitation if in fact the money was not paid. The court should have overruled the demurrer to the answer and should have carried it back to the petition and sustained it as to the petition.

Judgment reversed and cause remanded for further proceedings consistent herewith.